**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

| | |
|---|---|
| Darine Long<br>6516 Appaloosa Ave N<br>Forest Lake, MN 55025<br><br>　　　Plaintiff,<br><br>v.<br><br>Legal Mediation Practice, Inc<br>c/o Duane C Romanello, Registered Agent<br>1919-8 Blanding Boulevard<br>Jacksonville, FL 32210<br><br>　　　Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumers" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around June 18, 2008, Defendant telephoned Plaintiff and left a message.

10. On or around June 18, 2008, Plaintiff telephoned Defendant in response to this message.

11. During this communication, Defendant demanded that Plaintiff make a payment of five hundred dollars that day.

12. During this communication,, Defendant represented to Plaintiff that Plaintiff committed a felony in the state of Minnesota by writing bad checks.

13. During this communication,, Defendant represented to Plaintiff that, unless Plaintiff paid five hundred dollars that day, Defendant would contact the Forest Lake police department to have Plaintiff arrested on felony charges.

14. During this communication,, Defendant represented to Plaintiff that the police would arrest Plaintiff at his place of employment and embarrass Plaintiff.

15. As a result of this communication, Plaintiff thought that the police would be coming to arrest Plaintiff at Plaintiff's place of employment that day.

16. As a result of this communication, Plaintiff telephoned his spouse and told her that the police were going to arrest him.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ James Agosto*
James Agosto
7300 Hudson Blvd., Suite 255
Oakdale, MN 55128
Tel: 866-339-1156
Fax: 312.822.1064
Email: jxa@legalhelpers.com
*Attorney for Plaintiff*